Per Curiam.
After verdict in the court below, the plaintiffs in error moved to set it aside, because the special pleas of the defendants were ruled out, or rejected, and also because the court charged on the weight of evidence in instructing the jury that the production of the charter was sufficient evidence of the existence of the corporation.
The pleas may have been defective, and it is believed most, or perhaps all of them, were so. But it is not every defective plea that may be treated as a nullity. When the defendant’s plea is not adapted to the nature of the action, it may be treated as a nullity. But if it be appropriate to the form of the action, *88 as a general rule, it must be demurred to. Be it ever so defective, the plaintiff cannot, on that account, sign judgment, if it goes to the substance of the action. 1 Sellon’s Practice, 310; 1 Tidd’s Practice, 504. This rule is applicable, even in cases where the defendant is under a judge’s order to plead, which is usually strict in requiring the defendant to plead issuably, &c. Thellerson v. Smyth, 5 D. & E. 152.
But it is said these pleas amounted to the general issue. If that be true, a special demurrer would have been the appropriate method of disposing of them. These pleas may be defective, that is not now the question. They go to the substance of the action. In the case of Thellerson v. Smyth, the judgment was set aside, because the plea was improperly treated as a nullity; and so the verdict in this case must be set aside, and a new trial awarded.